

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00047-CR

---

**LELAND EARL WILLIAMS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 371st District Court
Tarrant County, Texas[1]
Trial Court No. 1804441, Honorable Ryan Hill, Presiding

---

July 24, 2026

## MEMORANDUM OPINION

### Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Leland Earl Williams, appeals from his conviction for aggravated assault with a deadly weapon against a public servant, a first-degree felony.[2]  Appellant pleaded guilty and elected to have punishment assessed by a jury, which imposed a sentence of ninety-five years of confinement. Appellant's court-appointed counsel has filed an

---

[1] This case was transferred to this Court from the Second Court of Appeals pursuant to the Supreme Court of Texas's docket-equalization procedures.  *See* TEX. R. APP. P. 41.3.  We apply the precedent of the transferor court to the extent it differs from our own.

[2] *See* TEX. PENAL CODE § 22.02(a), (b)(2)(B).

*Anders*[3] brief and a motion to withdraw. Because our independent review confirms that no arguable ground for appeal exists, we grant counsel's motion and affirm.

## BACKGROUND

The State indicted Appellant on one count of attempted capital murder of a peace officer and one count of aggravated assault of a public servant with a deadly weapon. The State later waived the attempted capital murder count and proceeded solely on the aggravated assault count.

After a jury was selected, Appellant entered an open plea of guilty. The trial court admonished Appellant regarding the punishment range, the consequences of the plea, and its voluntary nature. Appellant confirmed that his plea was free and voluntary, that no promises or threats had been made, and that he was pleading guilty because he was guilty. No plea-bargain agreement existed.

At the ensuing punishment hearing, the State presented evidence that on November 27, 2023, Deputy Brent Brown of the Tarrant County Sheriff's Office was wearing his law enforcement uniform, badge, and protective vest, and working an off-duty security assignment at a Fort Worth credit union. Appellant approached Deputy Brown, produced a firearm, and shot him multiple times, causing serious bodily injuries. Video evidence corroborated the shooting, and law enforcement witnesses described the ensuing manhunt and Appellant's apprehension. As mitigation evidence, Appellant presented testimony from family members and friends, and Appellant himself testified about his personal circumstances and remorse. After a charge that submitted the

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

applicable first-degree punishment range, the jury assessed punishment at ninety-five years of confinement and no fine; the jury declined to recommend community supervision. The trial court sentenced Appellant accordingly.

## *ANDERS* REVIEW

When appointed appellate counsel, after a conscientious examination of the record, concludes that an appeal is frivolous, counsel must file a brief identifying anything in the record that might arguably support the appeal. *Anders*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel must also serve the client with a copy of the brief and the motion to withdraw and inform the client of the right to file a pro se response and a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). This Court, in turn, must independently examine the entire record to determine whether any nonfrivolous issue exists. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Appellant's counsel has certified that, after diligently searching the record, he has found no reversible error upon which an appeal can be predicated. He provided Appellant with a copy of the *Anders* brief, the motion to withdraw, and the appellate record, and he notified Appellant of his rights to file a pro se response and a pro se petition for discretionary review. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). By letter, this Court also notified Appellant of his right to file a pro se response. Appellant has filed none.

3

We have carefully reviewed counsel's *Anders* brief. Our independent review confirms counsel's assessment that the appeal is wholly frivolous and without merit. *Bledsoe v. State*, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005).

Counsel identifies one potential issue for our consideration: whether the evidence supported the element that Deputy Brown was lawfully discharging an official duty at the time of the assault, given that he was working an off-duty security assignment. Two independent grounds foreclose that concern. First, a peace officer's status as a public servant does not lapse when the officer works off-duty. *See* TEX. PENAL CODE § 1.07(a)(36); *Thompson v. State*, 426 S.W.2d 242, 243 (Tex. Crim. App. 1968); *Polk v. State*, 337 S.W.3d 286, 288 (Tex. App.—Eastland 2010, pet. ref'd). The trial evidence shows Deputy Brown was clearly visibly wearing his Sheriff's Department-issued uniform, badge, and protective vest with body armor when performing security duties. The badge was struck by a projectile. This evidence was more than sufficient to rationally conclude that Appellant was aware of Brown's status as a peace officer. *See Selvage v. State*, 680 S.W.2d 17, 21 (Tex. Crim. App. 1984); *Thompson*, 426 S.W.2d at 243. Second, Appellant's guilty plea admitted every element of the charged offense, including that Deputy Brown was a public servant lawfully discharging an official duty when the shooting occurred. "In felony cases, a plea of guilty before the jury 'admits the existence of all necessary elements to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed.'" *Holland v. State*, 761 S.W.2d 307, 312 (Tex. Crim. App. 1988) (*quoting Ex Parte Williams*, 703 S.W.2d 674 (Tex. Crim. App. 1986)). Any challenge to that element would therefore be frivolous.

4

Our independent review has identified no arguable ground for appeal. The record reflects that the trial court admonished Appellant in substantial compliance with article 26.13 of the Code of Criminal Procedure and that Appellant's plea was knowing and voluntary. The jury's ninety-five-year sentence falls within the statutory range for a first-degree felony. The charge correctly submitted the applicable punishment range, and no objection was lodged. Nothing in the record raises a colorable claim of ineffective assistance of counsel.

## CONCLUSION

Finding no arguable ground for appellate review, we grant counsel's motion to withdraw and affirm the trial court's judgment.[4]

Lawrence M. Doss
Justice

Do not publish.

---

[4] Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.